FIFTH DIVISION
November 12, 2010

No. 1-09-2463

| | | |
|---|---|---|
| PAULA BRUCE, Special Administrator of the Estate of Michael Bruce, Deceased, | ) ) ) | |
| | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Cook County, |
| v. | ) | |
| | ) | 08 L 14130 |
| ARSENIO D. ATADERO, Individually, | ) | |
| SHERMAN HOSPITAL, an Illinois Corporation, | ) | The Honorable |
| and SHERMAN HEALTH SYSTEM, an Illinois | ) | Elizabeth M. Budzinski, |
| Corporation, | ) | Judge Presiding. |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

JUSTICE TOOMIN delivered the opinion of the court:

In this appeal, we determine whether the circuit court properly declined to transfer venue based on intrastate *forum non conveniens* where the original action was brought in the forum where the injury occurred and where several key witnesses resided and, following voluntary dismissal, was refiled in a forum other than where plaintiff resided.

Plaintiff Paula Bruce, special administrator of the estate of Michael Bruce, brought wrongful death and survival claims against defendants, alleging they were negligent in their treatment of decedent, which occurred in McHenry County. Plaintiff originally filed this action in McHenry County, where defendant Sherman Hospital was a resident. After discovery had proceeded for almost two years, plaintiff voluntarily dismissed the action and refiled in Cook County, where two physical therapy facilities of Sherman Hospital were located, but which were

not related to the treatment at issue, bringing the same claims and making the same allegations contained in her prior complaint. Defendants filed motions to transfer venue based on the doctrine of intrastate *forum non conveniens*. The trial court denied the motions. For the following reasons, we reverse and remand the matter to the circuit court with directions to transfer the cause to McHenry County.

## BACKGROUND

Plaintiff filed this action in McHenry County on March 10, 2006, grounded on claims for wrongful death and survival, alleging that defendants negligently failed to diagnose decedent's deep vein thrombosis, resulting in his death on March 18, 2004. Plaintiff's allegations stemmed in part from the treatment decedent received at Sherman Hospital and the Sherman Hospital Immediate Care Center, located in McHenry County, following an injury to his left leg. Defendant Sherman Health Systems, a resident of Kane County, is the parent corporation of Sherman Hospital. Plaintiff's allegations against defendant Dr. Arsenio Atadero were based on the care he rendered to decedent on March 10, 2004, in his medical office in McHenry County. Decedent was treated and died in the emergency department at Sherman Hospital's main facility in Kane County.

Decedent was a resident of Kane County. Plaintiff and decedent's two minor children likewise presently reside in that forum. Defendant Dr. Atadero is a resident of McHenry County, where he also maintains his office. He has privileges to practice and sees patients at hospitals located in McHenry and Kane Counties. Dr. Atadero's nurse and potential witness, Joanna Pledger, works in McHenry County and lives in Kane County.

Defendant Sherman Hospital's main facility is in Kane County, but the treatment rendered to decedent primarily occurred at facilities in McHenry County. Nurse Jason Carman, who treated decedent at Sherman Hospital's Immediate Care Center in McHenry County, resides in McHenry County. Nurse Carman presently works at a different hospital in Cook County, Illinois. Two other nurses who were involved in the care of decedent at Sherman Hospital Immediate Care Center, Debra Wojcik and Bonnie Gabriel, work in McHenry County.

The witnesses who provided treatment to decedent the day of his death at Sherman Hospital in Kane County are: nurses Michael Taster and Susan Hacke, who reside in McHenry County; Dr. Timothy Wang, who resides in Kane County; Dr. Dalia Gvildys, who resides in DuPage County; and Dr. Douglas Jackson, who resides in Cook County.

Plaintiff listed the following individuals as damage and loss-of-society witnesses: plaintiff, her two sons, and her neighbors, who all reside in Kane County; and plaintiff's mother and father, who reside in Indiana. Plaintiff also listed seven loss-of-society witnesses who live in Cook County, including plaintiff's aunt and uncle; plaintiff's cousin; and plaintiff's two sisters. The only witness to the initial accident and injury to decedent's leg was David Spagnola, who was decedent's coworker. Spagnola resides in Cook County.

The case was pending in McHenry County for almost two years before plaintiff voluntarily dismissed it and refiled in Cook County. Defendants moved to dismiss or transfer the case back to McHenry County under the doctrine of intrastate *forum non conveniens*. On August 19, 2009, the circuit court entered a 16 page memorandum opinion and order denying defendants' motion. Defendants filed a petition for leave to appeal pursuant to Supreme Court Rule 306(a)(2) (210 Ill.

1-09-2463

2d R. 306(a)(2)). Pursuant to supervisory order of the Illinois Supreme Court, we granted defendants' petition for leave to appeal.

ANALYSIS

Defendants Sherman Hospital and Sherman Health Systems maintain that the circuit court abused its discretion in giving undue weight to the fact that Sherman Hospital was a resident of Cook County for venue purposes. Defendants contend that plaintiff's choice of Cook County was entitled to less deference because the plaintiff did not reside in the county and the incident did not occur there and the public and private interest factors strongly favored transfer from Cook County back to McHenry County. Defendants further argue that plaintiff's selection of forum upon refiling should be afforded even less deference given there is a clear inference of forum shopping due to the fact that she previously filed her cause of action in McHenry County, the situs of the wrongful conduct. Plaintiff maintains that the balance of all private and public factors weighs in favor of allowing her choice of forum, and that her prior filing of this action is irrelevant to a *forum non conveniens* analysis and does not lessen the deference due to her choice of forum.

Our precedent instructs that *forum non conveniens* is an equitable doctrine founded on considerations of fundamental fairness and the sensible and effective administration of justice. *Langenhorst v. Norfolk Southern Railway Co.*, 219 Ill. 2d 430, 441, 848 N.E.2d 927, 934 (2006). Under the doctrine the trial court has the authority to transfer a lawsuit intrastate, even when the venue where the suit was filed is proper. See *Torres v. Walsh*, 98 Ill. 2d 338, 344-50, 456 N.E.2d 601, 604-07 (1983). " 'It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not

4

necessary to his own right to pursue his remedy.' " *Torres*, 98 Ill. 2d at 345-46, 456 N.E.2d at 604-05, quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843 (1946). The doctrine presupposes the existence of at least two forums in which the defendant is amenable to jurisdiction. *Jones v. Searle Laboratories*, 93 Ill. 2d 366, 371, 444 N.E.2d 157, 159 (1982). In adopting the intrastate *forum non conveniens* doctrine in *Torres*, our supreme court recognized the Illinois courts' authority to transfer cases as long existing at common law. *Torres*, 98 Ill. 2d at 347, 456 N.E.2d at 605. "The doctrine allows a trial court to decline jurisdiction of a case when it is apparent that trial in another forum with proper jurisdiction and venue 'would be more convenient and would better serve the ends of justice.' " *Glass v. DOT Transportation, Inc.*, 393 Ill. App. 3d 829, 832, 912 N.E.2d 762, 766 (2009), quoting *Vinson v. Allstate*, 144 Ill. 2d 306, 310, 579 N.E.2d 857, 859 (1991). "A court having jurisdiction and venue over a case may dismiss or transfer the case if it "has no practical connection to the forum." *Torres*, 98 Ill. 2d at 348, 456 N.E.2d at 606, citing, *e.g.*, *People ex rel. Compagnie Nationale Air France v. Giliberto*, 74 Ill. 2d 90, 383 N.E.2d 977 (1978); *Adkins v. Chicago, Rock Island & Pacific R.R. Co.*, 54 Ill. 2d 511, 301 N.E.2d 729 (1973). In the event a plaintiff files suit in an improper forum, the Civil Practice Law (735 ILCS 5/2-101 *et seq.* (West 2008)) provides for the means to transfer the cause to a proper venue or dismiss the action. *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 40, 563 N.E.2d 465, 472 (1990).

In determining the appropriate forum in which the case should be tried, it is incumbent upon the court to balance the prevailing private and public interests. *Glass*, 393 Ill. App. 3d at 832-33, 912 N.E.2d at 767, citing *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 172, 797

N.E.2d 687, 693 (2003). "In Illinois, the private interest factors include the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive." *Glass*, 393 Ill. App. 3d at 833, 912 N.E.2d at 767, citing *Dawdy*, 207 Ill. 2d at 172, 797 N.E.2d at 693. The relevant public interest factors implicate: "the administrative difficulties caused when litigation is handled in a congested venue instead of being handled at its origin; the unfairness of imposing jury duty upon residents of a county with no connection ot the litigation; and the interest in having local controversies decided locally." *Glass*, 393 Ill. App. 3d at 833, 912 N.E.2d at 767, citing *Dawdy*, 207 Ill. 2d at 173, 797 N.E.2d at 693. "The private interest factors are not weighed against the public interest factors; rather, the trial court must evaluate the total circumstances of the case in determining whether the defendant has proven that the balance of factors strongly favors transfer." *Langenhorst*, 219 Ill. 2d at 444, 848 N.E.2d at 935.

Our consideration of the issue makes clear that the burden is on the defendant to show that the relevant private and public interest factors "strongly favor" the defendant's choice of forum to warrant disturbing plaintiff's choice. *Langenhorst*, 219 Ill. 2d at 444, 848 N.E.2d at 935. The defendant must show that plaintiff's chosen forum is inconvenient to the defendant and that another forum is more convenient to all parties. *First American Bank v. Guerine*, 198 Ill. 2d 511, 518, 764 N.E.2d 54, 59 (2002). Unless the balance of factors strongly favor a defendant's choice of forum, the plaintiff's forum choice should rarely be disturbed. *Langenhorst*, 219 Ill. 2d

at 444, 848 N.E.2d at 935; *Guerine*, 198 Ill. 2d at 517, 764 N.E.2d at 58.

Nonetheless, "the plaintiff's interest in choosing the forum receives somewhat less deference when neither the plaintiff's residence nor the site of the accident or injury is located in the chosen forum." *Guerine*, 198 Ill. 2d at 517, 764 N.E.2d at 59. While we are mindful of this limitation when the plaintiff chooses a forum other than where he resides, " 'the deference to be accorded is only *less*, as opposed to *none*.' " (Emphasis in original.) *Guerine*, 198 Ill. 2d at 518, 764 N.E.2d at 59, quoting *Elling v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 311, 318, 683 N.E.2d 929, 935 (1997).

Prevailing practice further dictates that the determination of a *forum non conveniens* motion lies within the sound discretion of the trial court. *Glass*, 393 Ill. App. 3d at 832, 912 N.E.2d at 766-67, citing *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176-77, 797 N.E.2d 687, 696 (2003). Therefore, on review, the trial court's decision will be reversed only if it can be shown that the court abused its discretion in balancing the relevant factors. *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 223, 506 N.E.2d 1291, 1293-94 (1987). It is well settled that an abuse of discretion will be found where no reasonable person would take the view adopted by the trial court. *Glass*, 393 Ill. App. 3d at 832, 912 N.E.2d at 766-67, citing *Dawdy*, 207 Ill. 2d at 177, 797 N.E.2d at 696.

Here, our analysis yields the conclusion that the circuit court abused its discretion in its findings regarding the balance of private and public factors. As a preliminary consideration we note that the court, in its 16 page memorandum opinion and order, afforded inordinate weight to the fact that Sherman Hospital operates two physical therapy facilities in Cook County, and

therefore was a resident of Cook County:

"As to the private factors in this case, it has not been shown that it would be more convenient to litigate this case in McHenry than it would be to litigate it in Cook County. Although [p]laintiff's choice of Cook County as forum is given less deference as she is not a resident of Cook County and the actions giving rise to her claims did not occur in Cook County, [p]laintiff's choice of forum is still given deference. *Sherman is a resident of Cook County.* Plaintiff has identified fifteen witnesses who will testify as to damages. Eight of these witnesses reside in Cook County, five reside in Kane County and include Plaintiff, and two live in Indiana. Even assuming that not all of [p]laintiff's identified witnesses will testify at trial, the expected witnesses identified by [p]laintiff are scattered across Cook and Kane Counties, as well as Indiana. David Spagnola, who was [d]ecedent's co-worker, also resides in Cook County and is expected to testify regarding the accident that led to the injuries for which [p]laintiff was treating with [d]efendants.

\* \* \*

Dr. Douglas, a physician who treated [d]ecedent at Sherman, is a resident of Cook County and has been identified as a potential witness. \* \* \* In evaluating the private interest factors, transferring this case to McHenry County has not been shown to be strongly favored as *Sherman is a resident of Cook County* and witnesses from Cook County are expected to offer testimony.

In evaluating the public interest factors, it is clear that Cook County residents have an interest in deciding this controversy which involves a resident of this county. *Sherman*

*resides in Cook County* and witnesses who are expected to testify, including Dr. Douglas and eight of [p]laintiff's damage witnesses, reside in Cook County. As such, it would not be unfair to impose the expense of a trial and the burden of jury duty on the residents of Cook County.

\* \* \*

In this case, *Cook County has an interest in deciding a controversy involving one of its residents – Sherman.*

\* \* \*

This case is distinguishable from *Evans* [*v. MD Con, Inc.*, 275 Ill. App. 3d 292 (1995)] as [p]laintiff has identified witnesses from Cook County. Additionally, *Sherman is a resident of Cook County.*

\* \* \*

Here, although [p]laintiffs do not reside [in] Cook County, *Sherman is a resident of Cook County.* (Emphasis added.)

We concur in defendants' argument that the court indeed gave undue weight to the fact that Sherman Hospital was a resident of Cook County. As defendants maintain, while the existence of those additional facilities in Cook County renders Sherman Hospital a resident of Cook County for purposes of venue under section 2-102(a) of the Illinois Code of Civil Procedure (735 ILCS 5/2-102(a)(West 2008)), the inquiry in a *forum non conveniens* analysis requires a court to look beyond the statutory criteria for venue and to determine the relative convenience of competing forums. *Williams*, 139 Ill. 2d at 41, 563 N.E.2d at 473, citing *Foster*

*v. Chicago & North Western Transportation Co.*, 102 Ill. 2d 378, 384-85, 466 N.E.2d 198, 199 (1984) (application of this doctrine invokes principles of convenience and fairness in choosing between two or more forums that have jurisdiction). Under an *intrastate forum non conveniens* analysis, neither of the facilities in Cook County had any semblance of a connection to decedent's care and treatment at issue in this case. Rather, all of the treatment on which plaintiff's complaint is based occurred at Sherman Hospital's Immediate Care facility in McHenry County and at Dr. Atadero's office in McHenry County.

Moreover, we determine that the private interest factors clearly weigh in favor of defendants. Regarding convenience of the parties, defendants presented affidavits averring that it would be more convenient to have this matter tried in McHenry County. Dr. Atadero attested in his affidavit that a trial in McHenry County would be more convenient than a trial in Cook County because it would allow him to see patients and fulfill some of his daily responsibilities, given the location of his office and the hospitals where he has privileges. Nurse Jason Carman, whose conduct is also central to the allegations in plaintiff's complaint, likewise averred that a trial in McHenry County would be more convenient than a trial in Cook County.

Regarding the ease of access to sources of evidence, the trial court also placed considerable reliance on the fact that plaintiff's damage witnesses were located across several counties, while ignoring that the vast majority of the key medical witnesses, whose treatment of decedent was at issue in this case, reside in McHenry County. Four of the five medical providers who treated decedent, Dr. Dalia Gvildys and nurses Michael Taster, Jason Carman, and Susan Hacke, reside in McHenry County. The fifth treatment provider resides in Kane County. Only

Dr. Douglas, who treated decedent at Sherman, is a resident of Cook County. Plaintiff, her two sons, and two neighbors, disclosed as damage witnesses, reside in Kane County. Although we recognize that the witness to the accident initially causing plaintiff's injury, Spagnola, resides in Cook County, we do not perceive the initial accident to be a significant issue in this case. The only other witnesses residing in Cook County are further damage witnesses: decedent's mother, decedent's brother, and plaintiff's aunt, uncle, cousin and two sisters.

It is therefore apparent that the majority of witnesses who have knowledge of the conduct allegedly resulting in decedent's wrongful death reside in McHenry County. Defendant Dr. Atadero resides in McHenry County. Thus, the convenience of the parties weighs in favor of defendants. The fact that several, perhaps cumulative, damage witnesses reside across several counties simply does not weigh in favor of plaintiff's choice of Cook County. This is especially true considering that plaintiff's residence is in not in Cook County, her newly chosen forum, and the wrongful acts and omissions alleged all occurred in McHenry County, the forum of her original choice.

We have previously noted that "the location of documentary evidence has become less significant because today's technology allows documents to be copied and transported easily and inexpensively." *Ammerman v. Raymond Corp.*, 379 Ill. App. 3d 878, 890, 884 N.E.2d 1221, 1233 (2008). Also, we recognize that "a viewing of the site is rarely or never called for in a medical negligence case," and "that factor, standing alone, is simply insufficient to justify transfer [to a different county under a *forum non conveniens* analysis]." *Hackl v. Advocate Health & Hospitals Corp.*, 382 Ill. App. 3d 442, 452, 887 N.E.2d 726, 734 (2008). Moreover, no showing

11

has been made as to the availability of compulsory process to secure attendance of unwilling witnesses or the cost to obtain attendance of willing witnesses. However, "all other practical considerations that make a trial easy, expeditious, and inexpensive" (*Glass*, 393 Ill. App. 3d at 833, 912 N.E.2d at 767, citing *Dawdy*, 207 Ill. 2d at 172, 797 N.E.2d at 693) weigh in favor of defendants. Sherman Hospital and Atadero have sufficiently shown that Atadero can more conveniently attend trial without affecting his practice if the trial takes place in McHenry County rather than Cook County, and personnel for the McHenry County location for Sherman Hospital are located within McHenry County.

We further determine that the public interest factors likewise weigh heavily in favor of having the matter tried in McHenry County. Given that the acts or omissions alleged to have cause the wrongful death of decedent occurred in McHenry County, the forum of the injury clearly has a public interest in the medical care provided at its medical facilities by physicians to its residents. Although court congestion alone is relatively insignificant and does not justify a venue transfer (*Dawdy*, 207 Ill. 2d at 181, 797 N.E.2d at 698), we take judicial notice of the fact that the McHenry courthouse is less congested than the Cook County courthouse. Thus, the balance of all factors strongly favors defendants.

In *Gundlach v. Lind*, 353 Ill. App. 3d 677, 820 N.E.2d 1 (2004), relied upon by defendants, we reversed the judgment of the circuit court denying a *forum non conveniens* motion and directed the transfer of the action to McHenry County under similar circumstances. In *Gundlach*, the plaintiffs resided in Lake County and would have had to travel to either McHenry or Cook County; however, the defendants were all residents of McHenry County, and that forum

1-09-2463

was more convenient for them. *Gundlach*, 353 Ill. App. 3d at 683, 820 N.E.2d at 5. Also, the evidence was more easily accessible in McHenry County than in Cook County where 20 potential occurrence witnesses identified by defendants all worked and resided in McHenry, compared to 2 surgeons identified by plaintiff who were believed to reside in Cook County. *Gundlach*, 353 Ill. App. 3d at 683, 820 N.E.2d at 5.

In *Gundlach* the public interest factors also weighed strongly in favor of transferring the case to McHenry County because the litigation arose from alleged negligence during a medical procedure performed at a McHenry hospital, and as such, it was a local controversy that would be of interest to the citizens of McHenry County, whereas the citizens of Cook County had no interest in the litigation. *Gundlach*, 353 Ill. App. 3d at 683, 820 N.E.2d at 6. We held it would be unfair under such circumstances to impose the costs of the trial and the burden of jury duty upon the citizens of Cook County. *Gundlach*, 353 Ill. App. 3d at 683, 820 N.E.2d at 6. In addition, although court congestion alone is relatively insignificant and does not justify a venue transfer, we took judicial notice that, according to the annual report of the Administrative Office of the Illinois Courts for 2003, "McHenry County had 701 pending law cases seeking over $50,000 in relief, while Cook County had 26,353." *Gundlach*, 353 Ill. App. 3d at 683, 820 N.E.2d at 6.

In the case *sub judice*, the circuit court here found that "*Gundlach* is distinguishable from [the instant case] in that all of the defendants in Gundlach were residents of the county where the defendants were attempting to transfer the case." However, we find this sole distinction unavailing, as Sherman Hospital is a resident of McHenry County as well. Notably, plaintiff has

13

no argument against the application of *Gundlach* to this case.

Moreover, we find the circuit court abused its discretion in giving scant consideration to the fact that plaintiff had originally filed her action in McHenry County. Although the court noted defendants' argument concerning plaintiff's previous filing in McHenry County and inference of forum shopping, it was not moved by this consideration. In this case, given that plaintiff is not a resident of Cook County and the acts or omissions did not occur in Cook County, but rather in McHenry County, plaintiff's previously chosen forum, with no change in circumstances such that Cook County would be a more convenient forum, we find that plaintiff is engaging in forum shopping. When the plaintiff is foreign to the chosen forum and the action that gives rise to the litigation did not occur in the chosen forum, " 'it is reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, a strategy contrary to the purposes behind the venue rules.' " *Dawdy*, 207 Ill. 2d at 174, 797 N.E.2d at 694, quoting *Certain Underwriters at Lloyd's, London v. Illinois Central R.R. Co.*, 329 Ill. App. 3d 189, 196, 768 N.E.2d 779, 785 (2002). As the supreme court noted in *Guerine*, "[a] concern animating our *forum non conveniens* jurisprudence is curtailing forum shopping by plaintiffs." *Guerine*, 198 Ill. 2d at 521, 764 N.E.2d at 61.

Our supreme court embodied this concern in the analysis from the very beginning upon its adoption of the doctrine in *Torres*:

"In recognizing the discretion of the trial court to dismiss a case within its jurisdiction when a more appropriate intrastate forum is available and when maintenance of the action in the original forum causes unnecessary hardship to the defendant and other interested

1-09-2463

parties, we hope to promote fair play between plaintiffs and defendants and discourage the incessant jockeying for a more sympathetic jury likely to come forward with a more substantial award." *Torres*, 98 Ill. 2d at 351, 456 N.E.2d at 607.

"Subsequent decisions have reiterated that *forum non conveniens* is founded in considerations of fundamental fairness and sensible and effective judicial administration." *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 333, 645 N.E.2d 184, 189 (1994). Since *Torres*, our supreme court has continued to characterize the intrastate application of the doctrine as rooted in the court's discretionary power to dismiss a case within its jurisdiction when a more appropriate forum is available. *Peile*, 163 Ill. 2d at 333, 645 N.E.2d at 189.

The plaintiff in *Peile*, who was injured in a gas explosion at his Pike County home, originally filed his case in Madison County, but it was later transferred to Pike County. *Peile*, 163 Ill. 2d at 326-27, 645 N.E.2d at 186. Discovery proceeded in Pike County for two years, during which time the plaintiffs amended their complaint and added defendants. *Peile*, 163 Ill. 2d at 327, 645 N.E.2d at 186. Two months before the trial date the plaintiffs voluntarily dismissed their lawsuit and then refiled in St. Clair County. *Peile*, 163 Ill. 2d at 327, 645 N.E.2d at 186. In turn, the trial court denied the defendants' motion to transfer the refiled suit back to Pike County, and our supreme court reversed. *Peile*, 163 Ill. 2d at 344-45, 645 N.E.2d at 194. The court concluded that the plaintiff's second choice of forum should have been accorded less deference. *Peile*, 163 Ill. 2d at 344-45, 645 N.E.2d at 194. The court stated: "In light of these circumstances, we believe that the circuit court of St. Clair County should have accorded lesser deference, in its *forum non conveniens* analysis, to what was plaintiffs' second choice of forum for

15

trial, a forum selected almost two years after the case had been transferred to Pike County." (Emphasis omitted.) *Peile*, 163 Ill. 2d at 344, 645 N.E.2d at 194.

Adhering to the principles espoused in *Peile*, in *Czarnecki v. Uno-Ven Co.*, 339 Ill. App. 3d 504, 791 N.E.2d 164 (2003), we held the trial court erred in not transferring a cause of action from Cook County to Will County on *forum non conveniens* grounds raised by defendants. In *Czarnecki*, the plaintiff filed a personal injury action against the defendants in Will County in 1996. *Czarnecki*, 339 Ill. App. 3d at 505-06, 791 N.E.2d at 166. Twenty days before trial, the plaintiff voluntarily dismissed his complaint. A year later, he refiled a virtually identical complaint in Cook County; no new defendants, allegations, or theories of liability were added. *Czarnecki*, 339 Ill. App. 3d at 506, 791 N.E.2d at 166. The defendants filed motions to transfer the case back to Will County pursuant to the doctrine of *forum non conveniens*, which the trial court denied. The plaintiff was a resident of Will County; the accident occurred in Will County; the only occurrence witness cited by the plaintiff's interrogatory answers was a Will County resident; and a remaining person at the scene resided in Ogle County. Additionally, two of the plaintiff's treating doctors, his vocational counselor, and two defense-retained opinion witnesses were Cook County contacts. *Czarnecki*, 339 Ill. App. 3d at 507-08, 791 N.E.2d at 168. Nine other witnesses were dispersed among six Illinois counties and in Indiana. *Czarnecki*, 339 Ill. App. 3d at 508, 791 N.E.2d at 168.

On appeal, we held that the trial court abused its discretion in denying the motion to transfer, finding that the private interest factors favored the transfer of the case back to Will County, since the plaintiff was a Will County resident; the place of his injury was in Will County;

16

and five potential witnesses, including the sole occurrence witness, were located in Will County. *Czarnecki*, 339 Ill. App. 3d at 510, 791 N.E.2d at 170. The public interest factors also strongly favored transfer to Will County because Cook County had a minimal interest in the action, as plaintiff's injuries were sustained at a Will County construction site. Thus, Will County's interest in securing safety at local construction sites substantially favored transfer to that county. *Czarnecki*, 339 Ill. App. 3d at 509, 791 N.E.2d at 169. We found that the presence of defendants' registered agents and their conducting of unrelated business transactions in Cook County, while sufficient to fix venue, were not significant factors for *forum non conveniens* purposes. *Czarnecki*, 339 Ill. App. 3d at 509, 791 N.E.2d at 169. Moreover, we accorded less deference to the Cook County contacts cited by the plaintiff because the location of plaintiff's treating physicians, whose conduct was not at issue in the case, was given "undue weight," and the location of experts was not relevant because they were "testifying at defendants' request." *Czarnecki*, 339 Ill. App. 3d at 510-11, 791 N.E.2d at 170.

We further held that plaintiff's original decision to file in Will County, his voluntary dismissal on the brink of trial, and the subsequent filing of a nearly identical claim in Cook County strongly implied that plaintiff was engaging in impermissible forum shopping. *Czarnecki*, 339 Ill. App. 3d at 509, 791 N.E.2d at 169. As we stated, "plaintiff's action was originally filed in Will County and proceeded there for roughly four years. During that time, there is no evidence that plaintiff did not consider Will County to be a convenient and appropriate forum." *Czarnecki*, 339 Ill. App. 3d at 511, 791 N.E.2d at 170.

In *Wagner v. Eagle Food Centers, Inc.*, 398 Ill. App. 3d 354, 925 N.E.2d 243 (2010), we

likewise held that the trial court erred in denying the defendant grocery store and product manufacturer's motion to dismiss or transfer based on *forum non conveniens* where the private and public interest factors strongly favored return of case to initial forum and granting the motion was necessary to keep the plaintiffs from forum shopping. The plaintiffs, an injured party and his wife, had sued the defendants based on the injured party's slip-and-fall at the Eagle grocery store in Will County, but then voluntarily dismissed their claims and refiled them in Cook County. *Wagner*, 398 Ill. App. 3d at 355, 925 N.E.2d at 245. Plaintiffs had amended their complaint seven times over the almost seven years that the case was pending in Will County to add allegations that the substance plaintiff slipped on was Tilex, a product manufactured by Clorox, that the bottle was defective, and that Clorox and Eagle were acting in concert. *Wagner*, 398 Ill. App. 3d at 355, 925 N.E.2d at 245.

In analyzing the public interest and private interest factors, we found that the fact that plaintiffs litigated their initial action in Will County for a number of years suggested that Will County was a convenient forum for them, and at no time during those seven years was there any evidence that the plaintiffs did not consider Will County to be a convenient and appropriate forum. *Wagner*, 398 Ill. App. 3d at 362, 925 N.E.2d at 251. Conversely, it was clear that Will County would be more convenient for the witnesses that defendants identified as having knowledge of the incident, who resided in Will County and provided affidavits stating that it would be inconvenient to travel to Cook County for trial. *Wagner*, 398 Ill. App. 3d at 363, 925 N.E.2d at 251.

See also *Certain Underwriters at Lloyd's, London v. Illinois Central R.R. Co.*, 329 Ill.

18

1-09-2463

App. 3d 189, 198-99, 768 N.E.2d 779, 787-88 (2002) (held the trial court erred in not changing venue under the doctrine of *forum non conveniens* where the insurers filed suit in Lake County, which had little or no nexus to the controversy, but defendant railroad was headquartered in Cook County, and two of the contaminated sites at issue were located in Cook County, and where we questioned the plaintiffs' motivation for choosing Lake County as the forum); *Franklin v. FMC Corp.*, 150 Ill. App. 3d 343, 348-49, 501 N.E.2d 887, 890-91 (1986) (held the trial court abused its discretion in denying a *forum non conveniens* motion to transfer where the mere residence of defendant corporate offices and registered agents in Cook County provided no connection to the subject matter of the litigation; the accident occurred in Vermilion County; the machinery which caused the injury was located in Vermilion County; the primary treatment occurred there; and the bulk of the witnesses lived in or near Vermilion County).

Similarly, in the case *sub judice*, plaintiff originally filed her action in McHenry County, where the case remained pending for two years, and plaintiff at no time indicated an inconvenience in her chosen forum. All treatment of decedent occurred in McHenry County. The bulk of the occurrence witnesses for decedent's treatment are in McHenry County. Defendant Atadero resides in McHenry County. Plaintiff relies on nothing other than the technical residence of Sherman Hospital in Cook County based on the location of two facilities totally unrelated to this case and the residence of several other damage witnesses in Cook County. Defendant's presence in Cook County for venue purposes does not establish a connection with this action for *forum non conveniens* purposes. We also do not give undue weight to the residence of several damage witnesses in Cook County, when other damage witnesses are in other counties and most

19

of the key witnesses regarding the treatment of decedent at issue in her wrongful death claim are in McHenry County. The lack of any real connection to Cook County is patent. In short, the present case presents just such an instance suggesting forum shopping that our supreme court has expressly held should not be permitted. The trial court abused its discretion in denying defendants' motion.

Further, we are of the opinion that directing the trial court to transfer the case to McHenry County, rather than merely dismissing the action in Cook County, is the proper disposition. See *Wakehouse v. Goodyear Tire & Rubber Co.*, 353 Ill. App. 3d 346, 354, 818 N.E.2d 1269, 1277 (2004) (affirmed the circuit court's dismissal of a suit on interstate *forum non conveniens* grounds barred refiling of the suit in another Illinois county; allowing refiling would have promoted forum shopping). The case should be transferred back to McHenry County, where plaintiff initially chose to bring her action.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's denial of defendant's motion and remand the matter to the circuit court with directions to transfer the action to McHenry County.

Reversed and remanded.

FITZGERALD SMITH, P.J., with HOWSE, J., concur.

1-09-2463

| | |
|---|---|
| Please Use Following Form: | |
| Complete TITLE of Case | PAULA BRUCE, SPECIAL ADMINISTRATOR OF THE ESTATE OF MICHAEL BRUCE, DECEASED, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ARSENIO D. ATADER, M.D., INDIVIDUALLY, ET AL., <br><br> Defendants-Appellees. |
| Docket No. <br><br> COURT <br><br> Opinion Filed | 1-09-2463 <br> Appellate Court of Illinois <br> First District, FIFTH Division <br><br> November 12, 2010 <br> (Give month, day and year) |
| JUSTICES | JUSTICE TOOMIN delivered the opinion of the court: <br><br> FITZGERALD SMITH, P.J., with HOWSE, J.,      concur [s] <br><br> dissent[s] |
| APPEAL from the Circuit Ct. of Cook County, Chancery Div. | Lower Court and Trial Judge(s) in form indicated in the margin: <br><br> The Honorable    Elizabeth Budzinski,   Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago. <br><br> For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel) <br><br> Also add attorneys for third-party appellants or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented. <br><br> Plaintiff-Appellee,      Steven M. Levin <br> Margaret P. Battersby <br> Levin & Perconti <br> 325 N LaSalle Street, Suite 450 <br> Chicago, IL 60654 <br><br> Defendants-Appellants,      Rick L. Hammond <br> Phillip E. Wand <br> Gummerson & Rausch, LLC <br> 101 South Benton Street, Suite 201 <br> Woodstock, IL 60098 <br> 815/337-7700 |

HUGH C. GRIFFIN
Anna M. Loftus
Hall Prangle & Schoonveld, LLC
200 South Wacker Drive, Suite 3300
Chicago, IL 60606

Kay L. Schichtel
Nicole M. Clarke
Leanne Moore
Swanson Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL 60611
312/321-9100