NOTICE

Decision filed 02/11/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 180163-U

NO. 5-18-0163

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| GEORGE HERRON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 15-L-65 |
| | ) | |
| THE SHERWIN-WILLIAMS COMPANY, GRACO, | ) | |
| INC., CAMPBELL HAUSFELD, CAMPBELL | ) | |
| HAUSFELD DIVISION OF THE SCOTT FETZER | ) | |
| COMPANY, A-1 BUILDINGS, INC., NORMAN | ) | |
| BROWN, and ROBERT DEVOUS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (The Sherwin-Williams Company, Graco, Inc., and | ) | Honorable |
| Campbell Hausfeld Division of the Scott Fetzer | ) | Christopher T. Kolker, |
| Company, Defendants-Appellants). | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justice Moore concurred in the judgment.
Justice Barberis dissented.

**ORDER**

¶ 1    *Held*: The circuit court properly denied defendants' motions for change of venue on the basis of *forum non conveniens* where defendants failed to show that plaintiff's chosen forum was unduly burdensome or inconvenient to them and that another forum was more convenient to all parties.

¶ 2    The plaintiff, George Herron, filed a personal injury action based in negligence and products liability in the circuit court of St. Clair County, against the defendants, The Sherwin-Williams Company (Sherwin-Williams) Graco, Inc., Campbell Hausfeld Division of the Scott Fetzer Company (Campbell Hausfeld), A-1 Buildings, Inc., Norman Brown, and Robert Devous. Defendants Campbell Hausfeld, Graco, Inc., and Sherwin-Williams filed individual motions to transfer the case to either Williamson County or Saline County under the doctrine of intrastate *forum non conveniens*. Following a hearing, the circuit court denied defendants' motions to transfer. Defendants Graco, Inc., Sherwin-Williams, and Campbell Hausfeld petitioned for leave to appeal the ruling pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. July 1, 2014). This court granted defendants' petitions. For reasons that follow, we affirm.

¶ 3                      I. BACKGROUND AND PROCEDURAL HISTORY

¶ 4    On February 11, 2013, plaintiff, George Herron, a resident of Franklin County, was working at a Caterpillar Mine Equipment Repair & Service Plant in Carrier Mills, Illinois. The Caterpillar facility was located in Saline County, near the border with Williamson County. While at work, plaintiff was cleaning an airless spray paint assembly with solvent into a 55-gallon metal drum which exploded. As a result of the explosion, plaintiff was thrown from the building. He was severely injured, suffering burns to more than 90% of his body. Plaintiff was airlifted to a hospital in St. Louis, Missouri, and placed into a medically induced coma. For the next eight or nine months, he was treated at various medical facilities in St. Louis. Plaintiff was then transferred to a rehabilitation

2

facility, also in St. Louis, for an additional four months. Subsequently, he began treatment at the Advanced Kidney Institute in Williamson County.

¶ 5 According to the record, plaintiff was working alone when the explosion occurred. Although there were other employees on site, there is no indication that any of them witnessed the events leading up to the explosion. A report by the Williamson County Fire Protection District indicates that its emergency personnel, along with the Carrier Mills Fire Department, responded to the Caterpillar facility. Saline County Ambulance personnel also responded and treated plaintiff at the scene. The Office of the State Fire Marshal, located in Springfield, Illinois, was asked to investigate the explosion. The State Fire Marshal's arson investigator who conducted the investigation was from Williamson County. Much of the building in which plaintiff had been working that day was destroyed in the explosion. The facility was owned by Caterpillar at the time, and was later sold to another company who is not a party to this suit.

¶ 6 In February 2015, plaintiff filed a multi-count complaint against defendants in the circuit court of St. Clair County. Plaintiff alleged that he suffered severe and debilitating injuries as a result of the explosion that occurred at the Caterpillar facility in Carrier Mills. Plaintiff further alleged that the explosion occurred as a direct and proximate result of the defective and unreasonably dangerous conditions of the spray gun apparatus he was using at the time, and/or as a result of the negligence of one or more of the defendants.[1] According to plaintiff's complaint, defendant Sherwin-Williams, a Delaware

---

[1]Plaintiff subsequently represented to the trial court that his case is primarily based in product liability rather than negligence.

3

corporation and Ohio resident, was the distributor of the spray gun for the paint sprayer. Defendant Graco, Inc., a Minnesota corporation and resident, allegedly manufactured one of the parts of the sprayer, and defendant Campbell Hausfeld, a Delaware corporation and Ohio resident, manufactured the spray gun itself. Plaintiff also named three other defendants in the complaint. A-1 Buildings, Inc., an Illinois corporation and Williamson County resident, allegedly built the building in which plaintiff was injured. Defendants Norman Brown and Robert Devous allegedly built the building for A-1, and failed to ground the building and its electrical system. They are both residents of Williamson County.

¶ 7    In June 2015, defendant Campbell Hausfeld moved to transfer plaintiff's case to a more convenient forum, such as Saline County or Williamson County, under the doctrine of intrastate *forum non conveniens*. In July 2015, the other defendants filed individual motions to transfer plaintiff's lawsuit to Williamson County under the doctrine of intrastate *forum non conveniens*. Pursuant to defendants' motions, the trial court permitted limited discovery related to the forum issue.

¶ 8    Plaintiff subsequently dismissed defendant A-1 Buildings from the action after receiving information that the company only erected and sold the building, with no outlets, wires, or electricity. After the dismissal of A-1 Buildings, defendants Campbell Hausfeld, Graco, Inc., and Sherwin-Williams brought contribution claims against A-1 Buildings, Brown, and Devous. Caterpillar, Inc., Caterpillar Global Mining, LLC, and Caterpillar Global Mining America, LLC, were also added as third-party defendants.

¶ 9    Over the next two years, the parties filed supplemental motions and memoranda on the forum issue. Once third-party defendants, Caterpillar, Inc., Caterpillar Global Mining, LLC, and Caterpillar Global Mining America, LLC, were added to the litigation, they sought to transfer the action to Saline County based on *forum non conveniens.* By the time the motion was heard on February 20, 2018, defendants Norman Brown and Robert Devous had withdrawn their motions to transfer, and agreed to make themselves available in St. Clair County, Illinois.

¶ 10    In their pleadings and arguments before the circuit court, defendants Campbell Hausfeld, Graco, Inc., and Sherwin-Williams claimed that Williamson County, or alternatively, Saline County, was a more convenient forum for the trial of this case. In support of their motions to transfer, defendants noted that plaintiff brought his suit in St. Clair County even though he does not live in St. Clair County, and no expert witness or medical treatment provider resides or practices in St. Clair County. Defendants first claimed that all of the Illinois-based defendants are residents of Williamson County, and that the explosion occurred in Williamson County.[2] Defendants also claimed that the potential fact witnesses, who were employed by Caterpillar at the time of the incident, live closer to Williamson County or Saline County than to St. Clair County. Defendants further argued that the only connection to St. Clair County was that defendant Sherwin-Williams had three retail stores in St. Clair County, thereby satisfying the venue statutory

---

[2]Based on the pleadings in the supporting record on appeal, all defendants, except Campbell Hausfeld, initially indicated that the explosion occurred in Williamson County. Campbell Hausfeld, however, indicated that the explosion occurred at or near the border of Saline County and Williamson County. Subsequently, the third-party Caterpillar defendants indicated that the explosion occurred in Saline County.

5

requirements. Defendants further argued that none of these stores had anything to do with the products or the explosion. Defendants concluded that Williamson County or Saline County have far more connections to the litigation than St. Clair County.

¶ 11 Plaintiff filed responses in opposition to defendants' motions to transfer. Therein, plaintiff countered that defendants' arguments were untenable because the case was pending in the resident forum of defendant Sherwin-Williams, the distributor of the spray gun at issue in the litigation. Quoting from *Kwasniewski v. Schaid*, 153 Ill. 2d 550, 555 (1992), plaintiff argued that "[i]t is all but incongruous for defendants to argue that their own home county is inconvenient." Plaintiff further argued that defendants were unable to convincingly demonstrate that Williamson County was a more convenient forum for all parties. He concluded that defendants could not show that despite the St. Clair County courthouse's technological resources and proximity to plaintiff's St. Louis medical providers, the relevant interest factors strongly favored transfer to Williamson County.

¶ 12 Defendants' motions to transfer were called for hearing on February 20, 2018. After considering the record, and the oral arguments and written submissions of counsel, the circuit court issued an order from the bench denying defendants' motions. The court noted that many of the fact witnesses were in Williamson County or Saline County, and that the physicians who treated the plaintiff, and who were also important witnesses, were near St. Clair County. The court also noted that plaintiff had a right to choose the forum for his case at the outset, and that the defendants had the burden to show that the relevant factors heavily leaned toward transfer. After considering all of relevant factors, the court determined that the defendants failed to meet their burden in this case. The court

6

indicated that a written order would be issued in due course. Subsequently, on March 19, 2018, the circuit court entered a written order setting forth its findings in support of its decision to deny defendants' motions to transfer.

¶ 13   On appeal, defendants claim that the circuit court abused its discretion in denying their motions to transfer this case to Williamson County, or, alternatively, to Saline County. Defendants argue that the trial court failed to properly apply the criteria for a motion to transfer venue based on intrastate *forum non conveniens,* and that its decision to deny defendants' motions falls outside the bounds of reason and law.

¶ 14                                    II. ANALYSIS

¶ 15                         A. The Doctrine of *Forum Non Conveniens*

¶ 16   The Illinois venue statute provides that every action must be commenced in "the county of residence of any defendant who is joined in good faith," or in "the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2016). If more than one potential forum exists, the doctrine of *forum non conveniens* may be invoked to determine the most appropriate forum. *First American Bank v. Guerine*, 198 Ill. 2d 511, 515 (2002).

¶ 17   *Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness, and sensible and effective judicial administration. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006). The doctrine allows a circuit court to decline jurisdiction in the exceptional case when it appears that trial in another forum, with proper jurisdiction and venue, would better serve the ends of justice. *Guerine*, 198 Ill. 2d at 515. A circuit court is vested with considerable discretion in determining

7

whether to grant a *forum non conveniens* motion, and the court's determination will not be reversed unless it can be shown that the court abused its discretion in balancing the relevant public and private interest factors. *Langenhorst*, 219 Ill. 2d at 442. A circuit court abuses its discretion where no reasonable person would take the view adopted by the circuit court. *Langenhorst*, 219 Ill. 2d at 442.

¶ 18    In evaluating a *forum non conveniens* motion, the circuit court must consider all relevant private interest factors and public interest factors, without emphasizing any single factor. *Langenhorst*, 219 Ill. 2d at 443. The court does not weigh the private interest factors against the public interest factors. *Guerine*, 198 Ill. 2d at 517. Instead, the court evaluates the total circumstances of the case in deciding whether the movant has proven that the balance of factors strongly favors transfer. *Guerine*, 198 Ill. 2d at 517. Each case must be considered on its own unique facts. *Langenhorst*, 219 Ill. 2d at 444.

¶ 19    Private interest factors include the convenience of the parties, the relative ease of access to sources of testimonial, documentary, and real evidence, and all other practical considerations that make trial of a case easy, expeditious, and less expensive. *Langenhorst*, 219 Ill. 2d at 443; *Guerine*, 198 Ill. 2d at 516. Public interest factors include the interest in deciding controversies locally, the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation, and the administrative difficulties presented by adding additional litigation to already congested court dockets. *Langenhorst*, 219 Ill. 2d at 443-44; *Guerine*, 198 Ill. 2d at 516-17. The moving party has the burden to show that the balance of relevant private and public interest factors strongly favors transfer. *Langenhorst*, 219 Ill. 2d at 444.

8

¶ 20 Before analyzing the relevant interest factors, the circuit court should consider how much deference to give to the plaintiff's choice of forum. See *Langenhorst*, 219 Ill. 2d at 448. The plaintiff has a substantial interest in choosing the forum for his case, and the plaintiff's choice of forum is entitled to substantial deference and should rarely be disturbed unless other factors strongly favor transfer. *Langenhorst*, 219 Ill. 2d at 448; *Guerine*, 198 Ill. 2d at 517. That said, the plaintiff's choice of forum receives somewhat less deference when the plaintiff chooses a forum other than his place of residence or the location where some part of the action arose. *Guerine*, 198 Ill. 2d at 517. Less deference, however, does not mean no deference. *Guerine*, 198 Ill. 2d at 518. A defendant has the burden to show that the plaintiff's chosen forum is inconvenient to that defendant, and that another forum is more convenient to all parties. *Langenhorst*, 219 Ill. 2d at 444; *Guerine*, 198 Ill. 2d at 518. In doing so, however, the defendant may not argue that the plaintiff's chosen forum is inconvenient to the plaintiff. *Langenhorst*, 219 Ill. 2d at 444; *Guerine*, 198 Ill. 2d at 518.

¶ 21 With these principles in mind, we consider the circuit court's order denying the defendants' motions to transfer. In this case, the circuit court prepared a detailed and thorough written order containing its evaluation of the circumstances of the case and the relevant public and private interest factors. As a result, we have a record of the court's findings and analysis, and a basis upon which to review the court's decision.

¶ 22 B. Plaintiff's Choice of Forum

¶ 23 Initially, we consider what deference is due the plaintiff's chosen forum. Each choice of forum must rise or fall on its own unique set of facts. Although a plaintiff has a

9

substantial interest in choosing the forum in which his rights will be vindicated, the plaintiff's choice of forum receives somewhat less deference when the plaintiff chooses a forum other than his place of residence or the location where some part of the action arose. *Guerine*, 198 Ill. 2d at 517-18. In this case, the plaintiff resides in Franklin County, and the accident occurred in Saline County. Therefore, the plaintiff's chosen forum is neither the place of plaintiff's residence nor the site of the incident. Accordingly, under the unequal balancing test, the plaintiff's choice of forum is entitled to somewhat less deference, however, the battle over forum starts with the plaintiff's chosen forum in the lead. *Guerine*, 198 Ill. 2d at 521.

¶ 24                                   C. The Private Interest Factors

¶ 25    We turn next to the private interest factors, the first of which is the convenience of the parties. As previously noted, the plaintiff resides in Franklin County. Although the plaintiff resides outside his chosen forum, it is presumed the chosen forum is convenient to him. The defendants may not prevail on a forum motion by asserting that the chosen forum is inconvenient for the plaintiff.

¶ 26    Plaintiff argued that because defendant Sherwin-Williams owns and operates three stores in St. Clair County, it is a resident of St. Clair County. As such, St. Clair County cannot be an inconvenient forum for Sherwin-Williams. Plaintiff pointed out that defendant Graco, Inc., is based in Minnesota, and defendant Campbell Hausfeld is based in Ohio. In its order, the circuit court considered plaintiff's contentions that defendant Graco, Inc., has several retailers selling its products in cities and counties across the country, including St. Clair County, and that defendant Campbell Hausfeld also has

10

numerous retailers who sell its products across the country, including in St. Clair County. Defendants countered that three of the third-party defendants, A-1 Buildings, Norman Brown, and Robert Devous, all reside in Williamson County. The circuit court, however, accorded little consideration to defendants' argument, reasoning that Brown and Devous had agreed to make themselves available in St. Clair County and that the claims against A-1 Buildings had been dismissed by plaintiff. After considering the aforementioned circumstances, and the fact that St. Clair County is plaintiff's chosen forum and the residence of one of the defendants, the trial court concluded that this factor did not weigh in favor of transfer. After reviewing the record, we agree that the defendants failed to demonstrate that this factor strongly favored transfer.

¶ 27    The next factor relevant to this case is the relative ease of access to testimonial, documentary, and other evidence. The circuit court initially pointed out that plaintiff had identified, based upon medical and public records, numerous potential witnesses who are expected to testify that are either employed or reside much closer in distance and time to St. Clair County than Williamson or Saline County. Plaintiff identified a number of physicians and other healthcare providers who treated him and provided rehabilitative care. Plaintiff spent several months in St. Louis being treated for his injuries, and there will be a considerable amount of testimony required to prove plaintiff's damages. Many of these medical witnesses reside or practice in St. Louis. Should plaintiff seek live testimony from these witnesses, St. Clair County would be a shorter commute. Additionally, the products at issue are being stored by plaintiff's expert in St. Louis, Missouri.

¶ 28 Defendants listed eight potential fact witnesses who were Caterpillar employees at the time of the accident and who were identified as living closer to Williamson or Saline County. While other individuals, both employees and first responders, were also identified, defendants did not provide any addresses for these individuals. Moreover, defendants have not provided affidavits or statements from these witnesses indicating that they would be inconvenienced by a trial in St. Clair County.

¶ 29 The circuit court found that the potential witnesses were scattered throughout St. Louis and Southern Illinois. The defendants have not disclosed the identities of any witnesses who may offer testimony concerning the design and manufacture of the allegedly defective products. Expert witnesses have not been disclosed by any party. Regardless of whether the case remains in St. Clair County or is transferred to Williamson or Saline County, some of the potential witnesses will be inconvenienced. The court determined that the parties have the "capability of taking evidence depositions of witnesses, and this availability is equally available" to plaintiffs and defendants. Further, we note that technological advances in communications, and the world-wide web, allow for parties to present at trial not only video depositions, but also live testimony from remote locations. *Guerine*, 198 Ill. 2d at 526.

¶ 30 As to the documentary evidence, the bulk of the plaintiff's medical records are located in St. Louis. The reports of the Fire Marshal's investigation are located in Springfield, Illinois. The records of plaintiff's employer are located in East Peoria, Chicago, and Marion. The allegedly defective products are being stored in St. Louis, and the location of records and documentary information regarding the design and

12

manufacture of the products at issue has not been disclosed. The defendants have not shown that the records cannot be easily copied or scanned for distribution among counsel for all parties. Nor have they shown that transportation of original records or other documentary evidence to the chosen forum would pose a significant burden.

¶ 31   Under the given circumstances of this case, the circuit court correctly determined that the potential witnesses and the sources of documentary evidence were disbursed throughout the St. Louis Metropolitan Area and Southern Illinois. Thus, defendants have not shown that the ease of access to testimonial, documentary, and real evidence strongly favors transfer to Williamson County or Saline County. Accordingly, the circuit court did not abuse its discretion in finding that this factor did not strongly weigh in favor of transfer.

¶ 32   Another factor is the possibility of viewing the premises. In a case where the accident scene has substantially changed or where it is difficult to identify the site where the injury occurred, a view of the scene may not be appropriate. *Langenhorst*, 219 Ill. 2d at 448-49. Here, the circuit court noted that that the explosion occurred nearly five years ago, that the facility was no longer owned by the same company, and that the facility was not kept in a similar condition, considering much of it was destroyed in the explosion. The court further noted that the allegedly defective products were not located at the site of the explosion. The court concluded that an inspection of the facility would not be useful in this instance, and would likely be a waste of time and resources. Accordingly, the circuit court did not abuse its discretion in finding that this factor did not strongly weigh in favor of transfer.

13

¶ 33   Next, we consider the remaining private interest factors, such as the availability of compulsory process to secure the attendance of unwilling witnesses, and other practical considerations that make the trial of a case easy, expeditious, and inexpensive. Whether this case proceeds in St. Clair County, Williamson County, or Saline County, some of the potential witnesses will be subject to subpoenas, and other witnesses will remain outside the compulsory power of the Illinois circuit court. Some witnesses may be compelled to appear and to produce relevant documents through a notice under Illinois Supreme Court Rule 237(b) (eff. July 1, 2005). The circuit court determined that it would be "equally expensive, or perhaps even *less* expensive" (emphasis added), with regard to the costs for witness fees, hotel rooms, and travel, for the case to proceed in St. Clair County rather than Williamson or Saline County. Given the travel distances, it is unlikely that an overnight stay would be required for any occurrence witnesses, first responders, or medical witnesses. At present, no expert witnesses have been identified. The costs for securing the attendance of willing witnesses would likely balance out. Thus, the circuit court did not abuse its discretion in concluding that the remaining private interest factors do not strongly favor transfer.

¶ 34                    D. The Public Interest Factors

¶ 35   We next consider the public interest factors. The first factor is the interest in deciding localized controversies locally. In this case, the explosion occurred in Saline County, and thus, there is a local interest in the action. This case, however, involves a product liability claim involving the design and condition of the spray gun. As such, any local interest is supplanted by a more general interest in the allegedly defective products.

14

See *Guerine*, 198 Ill. 2d at 525, *Brown v. Cottrell, Inc.*, 374 Ill. App. 3d 525, 534 (2007) (product liability claims are not inherently local in flavor). It is not clear that any one of the fora has an interest in resolving the controversy that is strong enough to preclude a resolution elsewhere. In this case, Sherwin-Williams, the distributor of the allegedly defective spray gun, is a resident of St. Clair County, and so it would not be unfair to impose the expenses of a trial and the burden of jury service on the citizens of St. Clair County. Based on the record, the trial court did not abuse its discretion in finding that this factor does not strongly favor transfer.

¶ 36 Turning next to the administrative concerns, the circuit court acknowledged defendants' arguments that court congestion was an issue in St. Clair County given that the average timeline for civil cases where there is a jury verdict of over $50,000 is 66.9 months, as compared to 30.7 months in Williamson County. The circuit court also noted that defendants failed to address the statistics with regard to the alternate forum, Saline County. Using the same report of docket congestion that the defendants referenced in their motions, the circuit court noted that the average timeline to trial for civil cases involving a jury verdict of over $50,000 is 62.2 months in Saline County—very similar to that in St. Clair County. Our supreme court has held that in deciding a *forum non conveniens* issue, the trial court is in the better position to assess the burdens on its own docket. *Langenhorst*, 219 Ill. 2d at 451. Here, the court specifically stated that the availability of a trial setting would not be an issue in St. Clair County, and that the parties would be able to get an expeditious trial in St. Clair County. Defendants have not

15

shown that this case could be resolved more quickly in Williamson County or Saline County.

¶ 37 In addressing the administrative concerns, the circuit court also considered the organizational and technological resources that are necessary for the trial of a complex product-liability lawsuit. The court indicated that a trial of this magnitude was easily capable of being conducted in a St. Clair County courtroom "where judges and administrative staff are accustomed to handling trials of this length and complexity, and where updated monitors and the availability of internet access allow for a quick and easy presentation of evidence." The court further noted that any courtroom equipped with such technology can provide a convenient place to try a case. Thus, the trial court did not abuse its discretion in finding that the factors regarding congestion and administrative resources did not strongly favor transfer.

¶ 38                                III. CONCLUSION

¶ 39 As aptly noted by the circuit court, this is a case in which the potential trial witnesses are scattered among several counties, and no single county enjoys a predominant connection to the litigation. Accordingly, we find *Bruce v. Atadero*, 405 Ill. App. 3d 318 (2010), the case relied upon by the dissent, to be inapposite. In this case, it appears that plaintiff is the only eyewitness, and that the postoccurrence witnesses are primarily located in southern Illinois. The equally important medical witnesses are located in St. Louis and St. Louis County. The corporate product-liability witnesses and the expert witnesses have yet to be identified. The medical records, first responder reports, and documentary evidence may be uploaded and produced for trial whether this

16

case is tried in Williamson, Saline, or St. Clair County. Here, the trial court concluded that the defendants failed to meet their burden to show that the balance of factors strongly favored a transfer of this case to Williamson County or Saline County. After reviewing the record, we find that the circuit court did not abuse its discretion in denying defendants' motions to transfer based on intrastate *forum non conveniens*. We commend the trial judge for taking the time to conduct a thorough and well-reasoned analysis of all the factors, and for his consideration of the legal reasoning behind the doctrine of *forum non conveniens*.

¶ 40    For the foregoing reasons, we affirm the order of the circuit court of St. Clair County denying the motions to transfer venue on the grounds of *forum non conveniens*.

¶ 41    Affirmed.

¶ 42    JUSTICE BARBERIS, dissenting:

¶ 43    Respectfully, I dissent. After carefully reviewing the record and considering the parties' respective arguments, it is my opinion that the circuit court erred in denying defendants' *forum non conveniens* motions.

¶ 44    As the majority correctly notes, the doctrine of *forum non conveniens* is based on considerations of fundamental fairness and sensible and effective judicial administration. *Langenhorst*, 219 Ill. 2d at 441. In determining whether to grant or deny a motion to transfer on the basis of *forum non conveniens*, the circuit court must balance private interest factors affecting the litigants and public interest factors affecting the

17

administration of the courts. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 172 (2003). Private interest factors involve matters of practical concern, which include " '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive \*\*\*.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516). Public interest factors include having localized controversies being decided in the local forum, administrative concerns, including the congestion of court dockets, and the imposition of jury duty upon residents of a county with little connection to the litigation. *Id.* at 443-44.

¶ 45 A circuit court is vested with wide discretion in determining whether to grant *forum non conveniens* motions. *Id.* at 441. As such, a reviewing court will reverse a circuit court's decision "only if it can be shown that the court abused its discretion in balancing the relevant factors." *Bruce v. Atadero*, 405 Ill. App. 3d 318, 323 (2010).

¶ 46 In my view, the circuit court, here, clearly abused its discretion in balancing the relevant factors in several respects. First, I take particular exception to its sweeping findings regarding the lack of available resources outside of St. Clair County, in either Saline or Williamson County. Here, the court found, "in terms of administrative and technological resources," that both the private and public interest factors weigh in favor of conducting the trial in St. Clair County. In doing so, the court opined that:

"[a] trial of this magnitude is easily conducted in a St. Clair County courtroom where judges and administrative staff are accustomed to handling trials of this length and complexity, and where updated monitors and the availability of internet

18

access allow for quick and easy presentation of evidence. In the reality of today's world, any courtroom equipped with such technological resources is a convenient place to try a case."

The record is devoid of any evidence showing that the judges and administrative staff in either Williamson or Saline County are not accustomed to handling trials of this length and complexity or that those counties lack the internet access necessary to allow for the quick and easy presentation of evidence. *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 176 (1997) ("[T]he trial court's determinations will not be disturbed unless they are unsupported by evidence in the record."). Thus, I would conclude that the court abused its discretion in finding that the public and private interest factors weighed in favor of St. Clair County for this reason.

¶ 47 Second, it is my view that the circuit court, in determining that the availability of a trial setting would not be an issue in St. Clair County, disregarded evidence presented by defendants showing that St. Clair County is a more congested forum than either Williamson or Saline County. This evidence showed that, as of 2016, the average timeline for civil case involving a jury verdict over $50,000 was 30.7 months in Williamson County, 62.2 months in Saline County, and 66.9 months in St. Clair County. Because defendants presented evidence showing that either Williamson or Saline County would resolve the dispute more expeditiously, the court abused its discretion by failing to properly consider this public interest factor.

¶ 48 Third, it is my view that the circuit court placed undue weight on the fact that defendant Sherwin-Williams is a resident of St. Clair County in balancing the relevant

19

factors. The court mentions this fact on at least eight occasions throughout its 15-page order, including its analysis of both the private and public interest factors. While I agree that Sherwin-Williams is considered a resident of St. Clair County under section 2-102(a) of the Code of Civil Procedure (735 ILCS 5/2-102(a) (West 2016)) because it owns and operates three stores in that county, "the inquiry in a *forum non conveniens* analysis requires a court to look beyond the statutory criteria for venue and to determine the relative convenience of competing forums." *Bruce*, 405 Ill. App. 3d at 325.

¶ 49 Here, there is no practical connection between the three Sherwin-Williams stores in St. Clair County and plaintiff's accident, which occurred over 100 miles from St. Clair County on the border of Saline and Williamson Counties. The record reveals that plaintiff's employer purchased the product at issue from the Sherwin-Williams store located in Williamson County. While plaintiff speculates that the three stores in St. Clair County sell the same product, there is no evidence in the record supporting this statement. I would also note that none of the potential witnesses, lay or expert, reside in St. Clair County. Instead, the vast majority of the lay witnesses reside or work in either Williamson or Saline County, including the first responders, who would have to travel great distances in order to testify in St. Clair County. Only medical experts and some treating physicians, who are likely to testify by deposition, reside closer to St. Clair County, while another medical witness and other treating physicians reside in Williamson County. For these reasons, I would conclude that the court abused its discretion in placing undue weight on this fact.

20

¶ 50    While plaintiff is accorded a degree of deference in choosing a forum, he is accorded a lesser degree of deference in this case because he does not reside in St. Clair County. In fact, the record amply demonstrates that St. Clair County has no practical connection to the underlying action. In my view, plaintiff's choice of forum was not motivated by legitimate private concerns, *i.e.*, "(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive." (Internal quotation marks omitted.) *Langenhorst*, 219 Ill. 2d at 443. Accordingly, I believe that it is fundamentally unfair to burden the residents of St. Clair County with jury duty for a case that has only a scant nexus to that county. Likewise, under these circumstances, it is reasonable to conclude that plaintiff engaged in forum shopping—"a strategy contrary to the purposes behind the venue rules." *Certain Underwriters at Lloyd's, London v. Illinois Central R.R. Co.*, 329 Ill. App. 3d 189, 196 (2002).

¶ 51    Therefore, in my view, the circuit court's decision was mistakenly premised upon unsupported findings and the fact that Sherwin-Williams was a resident of St. Clair County, which unduly influenced its decision to deny defendants' motion to transfer. For these reasons, I would hold that the court abused its discretion by denying the defendants' motion to transfer on the basis of *forum non conveniens*. Accordingly, I would vacate the order denying defendants' motion to transfer based on *forum non conveniens* and remand to the circuit court of St. Clair County with directions to consider only factual matters supported by the evidence in the record in ruling on the defendants' motion.