TERI GUNDLACH *et al.*, Plaintiffs-Appellees, v. RICHARD E. LIND *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 1—03—1431

Opinion filed October 26, 2004, *nunc pro tunc* September 14, 2004.

678

Donohue, Brown, Mathewson & Smyth (Mark M. Burden, Karen Kies De-Grand, and James D. Sloan, of counsel), and Hinshaw and Culbertson LLP (Joshua G. Vincent, Gregory T. Snyder, and Timothy G. Shelton, of counsel), both of Chicago, for appellants.

Kralovec, Jambois & Schwartz, of Chicago (Steven K. Jambois and Ryan E. Yagoda, of counsel), for appellees.

JUSTICE GARCIA delivered the opinion of the court.

Defendants Richard Lind, M.D., Surgical Associates of Fox Valley,

S.C. (SAFV), and Centegra Health Systems Northern Illinois Medical Center (NIMC) appeal from an order of the circuit court of Cook County denying their motion to transfer this medical malpractice action to the circuit court of McHenry County based on the doctrine of *forum non conveniens*. In accordance with a supervisory order from the Illinois Supreme Court, we granted defendants' petition for leave to appeal pursuant to Supreme Court Rule 306(a)(2) (166 Ill. 2d R. 306(a)(2)). On appeal, defendants contend that the circuit court abused its discretion when it denied their motion to transfer because it misapplied the predominate-connection test and erroneously relied on *Chung v. Advocate Health Care*, 336 Ill. App. 3d 789 (2002), as the controlling case law, and the public and private interest factors weigh heavily in favor of transferring this case to McHenry County. We reverse and remand.

The following facts were obtained from defendants' record in support of their petition for leave to appeal to this court. On October 3, 2002, plaintiffs Teri and David Gundlach filed a complaint in the circuit court of Cook County alleging that, due to defendants' negligent acts or omissions related to her gallbladder surgery, Teri suffered severe and permanent injuries that will continue to cause her future pain and suffering and cost her great sums of money. In addition, David alleged that defendants' negligence caused him to suffer the loss of service of his wife, and he will be deprived of her affection, society, companionship and consortium in the future.

The complaint referred to NIMC as "Centegra" and alleged that it "owned and maintained medical facilities in the County of Cook," that it offered medical services to the citizens of Cook County and to plaintiff, and that it employed Lind. The complaint also alleged that Lind was employed by SAFV, which was located in McHenry County, and that plaintiffs resided in Fox Lake, Illinois.

Lind and SAFV filed a joint motion to transfer venue to the circuit court of McHenry County arguing that venue was not proper in Cook County. In their motion, defendants asserted that neither was a resident of Cook County, that they did not believe that NIMC was a resident of Cook County, and that Lind's treatment of plaintiff occurred in McHenry County. Because none of the defendants resided in Cook County and the alleged negligence did not occur there, they maintained that venue was improper in Cook County.

NIMC also filed a motion to transfer venue, advancing the same argument as codefendants. NIMC asserted that it was a not-for-profit corporation that owned and operated a hospital in McHenry County, that it did not own any other facilities or conduct any business outside McHenry County, and that Centegra was a separate and distinct legal entity.

Alternatively, NIMC argued that the cause should be transferred to McHenry County based on the doctrine of *forum non conveniens*. It averred that McHenry County was the more convenient forum for the parties and witnesses because all of the people who participated in plaintiff's treatment worked and resided there, the residents of McHenry County had an interest in the case because the alleged malpractice occurred there, and the burden of a jury trial should not be imposed on the citizens of Cook County because that forum did not have a significant connection to this case. NIMC also maintained that plaintiffs' choice of Cook County was entitled to less deference because the alleged malpractice did not occur there and plaintiffs were residents of Lake County. Lind and SAFV subsequently joined NIMC's motion to transfer based on *forum non conveniens*.

In their response to defendants' motion, plaintiffs argued that NIMC was conducting business in Cook County because Centegra had a medical facility located there and its website stated that it served part of Cook County. Plaintiffs further argued that since February 2, 2002, Teri had received extensive treatment exclusively at Northwestern Memorial Hospital (Northwestern) in Cook County. Plaintiffs relied solely on the *Chung* case and averred that the facts of their case were "very analogous."

In response, NIMC argued that all of the private and public interest factors weighed strongly in favor of transferring the case to McHenry County. Specifically, NIMC argued that all of the relevant medical treatment and alleged malpractice occurred in McHenry County, the medical records were located at NIMC in McHenry County, all of the defendants were located in McHenry County, 20 witnesses worked and lived in McHenry County, plaintiffs lived in Lake County, the burden of hearing the case should not be placed on the citizens of Cook County, and the McHenry County court system was less congested than Cook County's system. It further asserted that requiring its 20 witnesses to travel to Chicago would impose a significant burden upon NIMC, both financially and in terms of personnel coverage at the hospital while the witnesses were at trial. NIMC also argued that plaintiffs failed to identify any witnesses from Cook County and that the location of plaintiff's subsequent treatment was to be given little weight.

At an April 17, 2003, hearing on the motion to transfer, NIMC informed the circuit court that venue was established in Cook County because Centegra, which owned NIMC, also owned a behavioral health facility in Cook County, thereby making Centegra a resident of Cook County. NIMC argued, however, that the predominant connection in this case was with McHenry County because all of the care and treat-

ment at issue was rendered in McHenry County, 20 potential occurrence witnesses resided in McHenry County compared to 2 possible Cook County witnesses, plaintiffs incurred over $487,000 in medical expenses in McHenry County compared to $56,000 in Cook County, plaintiff spent 100 days in the hospital in McHenry County, and there was a span of eight months between plaintiff's last treatment in McHenry County and her first treatment at Northwestern. Counsel also argued that because plaintiffs were foreign to Cook County and the alleged negligence did not occur there, it was not reasonable to assume that Cook County was a convenient forum for the litigation.

Plaintiffs argued that the instant case was "eerily similar" to *Chung*, and based on the holding in that case, their action should remain in Cook County. Plaintiffs' counsel acknowledged that he did not know where the two surgeons from Northwestern resided, but, using the language from *Chung*, he argued that he would "call a number of witnesses from Northwestern."

The trial court found that the fact that plaintiffs resided in Lake County was a major factor that made this a multicounty case similar to *Chung* and *First American Bank v. Guerine*, 198 Ill. 2d 511 (2002), and noted that most doctors testify via an evidence deposition. The court further stated it presumed the two Northwestern physicians were Cook County residents, and if that turned out not to be the case, the court recommended defendants file a motion to reconsider. The circuit court acknowledged that defendants had made a "great" record, but relying on *Chung* as the most current case law, it found that it could not transfer the cause to McHenry County. Based on that finding, the court denied defendants' motion to transfer.

On appeal, defendants contend that the circuit court abused its discretion when it denied their motion to transfer because the court misapplied the predominant-connection test from *Guerine*, gave greater deference to plaintiffs' choice of forum than it was entitled, inappropriately emphasized the fact that Centegra maintained a medical office in Cook County, and erroneously relied on *Chung* as the controlling case law. Defendants further argue that the public and private interest factors weigh heavily in favor of transferring this case to McHenry County because the only connection to Cook County was the location of two physicians who subsequently treated plaintiff 15 months after the alleged negligence, and the citizens of Cook County have no interest in this case compared to a strong interest held by the citizens of McHenry County.

A circuit court's ruling on a *forum non conveniens* motion is given considerable discretion and will not be reversed absent an abuse of discretion in balancing the relevant factors. *Dawdy v. Union Pacific*

*R.R. Co.*, 207 Ill. 2d 167, 176-77 (2003). An abuse of discretion exists where no reasonable person would agree with the circuit court's finding. *Dawdy*, 207 Ill. 2d at 177.

■ To determine the proper forum in which a cause should be tried, the circuit court must balance the private and public interest factors. The private interest factors include: (1) the parties' convenience; (2) the ease of access to sources of testimonial, documentary and real evidence; (3) the ability to secure attendance of unwilling witnesses with compulsory process; (4) the cost to procure the attendance of willing witnesses; and (5) all other matters that make the trial easy, inexpensive and expeditious. The public interest factors include: (1) the interest in deciding local controversies locally; (2) the unfairness of imposing trial costs and jury duty on citizens of a county with little connection to the action; and (3) the administrative difficulties that arise from adding litigation to an already-congested court docket rather than handling it in its venue of origin. *Dawdy*, 207 Ill. 2d at 172-73.

■ Generally, plaintiff's choice of forum is given substantial deference and is rarely disturbed unless the factors weigh strongly in favor of transfer; however, where plaintiff chooses a foreign forum, his choice receives less deference. *Dawdy*, 207 Ill. 2d at 173-74. Moreover, where plaintiff is foreign to the forum, and the acts giving rise to the litigation did not occur there, the court can reasonably conclude that plaintiff engaged in forum shopping. *Dawdy*, 207 Ill. 2d at 174. In such cases, the court applies an unequal balancing test to determine whether the relevant factors, viewed in their totality, strongly favor transferring the cause to defendant's suggested forum. *Dawdy*, 207 Ill. 2d at 175-76, citing *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 107-08 (1990). No single factor is given conclusive effect or central emphasis. *Dawdy*, 207 Ill. 2d at 180. In addition, " '[a] defendant seeking transfer is not required to show that the plaintiff's choice of forum is inconvenient; rather, transfer is allowed where defendant's choice is the substantially more appropriate forum.' " *Allee v. Myers*, 349 Ill. App. 3d 596, 601 (2004), quoting *Czarnecki v. Uno-Ven Co.*, 339 Ill. App. 3d 504, 508 (2003).

■ Here, we find that the circuit court abused its discretion when it denied defendants' motion to transfer. The record reveals that, rather than balancing the relevant private and public interest factors in the instant case, the court agreed with plaintiffs that this case was factually analogous to *Chung*, and on that basis, it followed the *Chung* ruling and denied the transfer. We also find it significant that the circuit court erroneously found that defendants had not made an affirmative showing that Cook County was an inconvenient forum. Such a showing is not required. *Allee*, 349 Ill. App. 3d at 601.

We further find that the private interest factors strongly favor transferring this case to McHenry County. Plaintiffs reside in Lake County and would have to travel to either McHenry or Cook County; however, defendants Lind, SAFV and NIMC are all residents of McHenry County, and, thus, that forum would be more convenient for them. We also find that evidence would also be more easily accessible in McHenry County than in Cook County. Defendants identified 20 potential occurrence witnesses who all work and reside in McHenry County, compared to 2 surgeons identified by plaintiff who are believed to reside in Cook County. Significantly, NIMC asserted that requiring these 20 witnesses to travel to Cook County would impose a significant burden upon it, both financially and in terms of personnel coverage at the hospital while the witnesses are at the trial. NIMC also pointed out that plaintiff's medical records are located at its facility in McHenry County.

Likewise, we find that the public interest factors weigh strongly in favor of transferring this case to McHenry County. This litigation arose from alleged negligence during a medical procedure performed at a hospital in McHenry County. As such, this is a local controversy that would be of interest to the citizens of McHenry County who rely on defendants for their medical treatment, while the citizens of Cook County have no interest in this litigation. Accordingly, it would be unfair to impose the costs of this trial and the burden of jury duty upon the citizens of Cook County. In addition, although court congestion alone is relatively insignificant and does not justify a venue transfer (*Dawdy*, 207 Ill. 2d at 181), we note that, according to the annual report of the Administrative Office of the Illinois Courts for calendar year 2003, of which we take judicial notice (*Dawdy*, 207 Ill. 2d at 177, quoting *Boston v. Rockford Memorial Hospital*, 140 Ill. App. 3d 969, 972 (1986) (" 'an appellate court may take judicial notice of matters *** [that] are capable of instant and unquestionable demonstration' ")), McHenry County had 701 pending law cases seeking over $50,000 in relief, while Cook County had 26,353.

Finally, because plaintiffs filed their action in a foreign forum and the acts giving rise to this litigation did not occur therein, plaintiffs' choice of venue is given less deference. *Dawdy*, 207 Ill. 2d at 173-74. We conclude that the relevant factors, viewed in their totality, strongly favor transferring this case to the circuit court of McHenry County.

Accordingly, we reverse the judgment of the circuit court of Cook

684

County and remand this case to that court with directions to transfer this action to the circuit court of McHenry County.

Reversed and remanded with directions.

WOLFSON and HALL, JJ., concur.