2025 IL App (2d) 240622-U
No. 2-24-0622
Order filed May 9, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| RICHARD P. TURASKY, JR., RT VENTURES LIMITED PARTNERSHIP, THE CAPITAL COMPANIES, LLC, and CAPITAL REALTY FUND I, LLC, | ) ) ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 21-CH-30 |
| GORDON REYKDAL, CARRIE REYKDAL, BARRET REYKDAL, HALLDOR KRISTJANSSON, PROSPECT FINANCIAL, INC., and PROSPECT FINANCIAL USA, INC., | ) ) ) ) ) ) | |
| | ) ) | Honorable John G. Dalton, |
| Defendants-Appellants. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*: Trial court did not abuse its discretion in granting plaintiffs' petition to vacate dismissal of its complaint for want of prosecution.

¶ 2   Plaintiffs, Richard P. Turasky, Jr., RT Ventures Limited Partnership, the Capital Companies, LLC, and Capital Realty Fund I, LLC, filed a complaint against defendants Gordon Reykdal, Carrie Reykdal, Barret Reykdal, Halldor Kristjansson, Prospect Financial, Inc., and

Prospect Financial USA, Inc., sounding in breach of fiduciary duty. After the circuit court of Kane County dismissed the complaint for want of prosecution, plaintiffs filed a petition pursuant to section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2022)) to vacate that dismissal and reinstate the lawsuit. After the trial court granted the petition to vacate, defendants appealed. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On February 1, 2021, plaintiffs filed their complaint. According to the complaint, plaintiffs provided properties to be managed and funded by defendants. Defendants mismanaged those properties, which resulted in virtually all of them being lost in foreclosure. Unbeknownst to plaintiffs, during this time, defendants were being prosecuted in Canada for securities fraud and bankrupting multiple companies. (Defendant Gordon Reykdal pled guilty to those charges). Defendants' actions caused the plaintiffs over $20 million in damages.

¶ 5      On March 30, 2023, the trial court set the matter for a settlement conference. That date was subsequently stricken and rescheduled numerous times.

¶ 6      On July 6, 2023, the trial court entered an order stating that plaintiffs' counsel had failed to appear on June 30 and that if he failed to appear on August 1, 2023, the case would be dismissed for want of prosecution (DWP). On August 1, 2023, after plaintiffs' counsel failed to appear, the trial court entered a DWP.

¶ 7      In early April 2024, plaintiffs hired new counsel. On April 4, 2024, plaintiffs filed a motion to vacate the judgment pursuant to section 2-1301 of the Code (735 ILCS 5/2-1301 (West 2022)).

¶ 8      On July 15, 2024, after withdrawing their section 2-1301 motion to vacate, plaintiffs filed a petition to vacate pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2022)). Plaintiffs' petition alleged that, unbeknownst to them, their counsel had failed to appear on June

30 and August 1, 2023, and that their case had been dismissed for want of prosecution. During this time, they made several attempts to contact their counsel via text, email and phone calls. All of those attempts were unsuccessful. On August 3, 2023, the plaintiffs learned from their attorney that he no longer wanted to represent them. However, the attorney did not inform them that their case had been dismissed. Plaintiffs did not learn that their case had been dismissed until November 2023. Thereafter, they attempted to hire a new attorney. However, they had difficulty doing so due to the complexity and procedural posture of the case. Moreover, plaintiff Richard Turasky had moved out of Illinois and became ill requiring him to make visits to the Mayo Clinic.

¶ 9    Plaintiffs argued that their claim was meritorious and that they had been diligent in bringing their claim. They argued that they would be prejudiced if their lawsuit was not reinstated because they had suffered over $29 million in damages.

¶ 10    On August 12, 2024, defendants filed their response to plaintiffs' petition. They did not dispute the facts set forth in plaintiffs' petition nor did they challenge plaintiffs' contention that they had a meritorious claim. Rather, defendants asserted that plaintiffs' petition should be denied because they were not diligent in preventing the entry of the DWP or seeking to vacate it. Further, defendants insisted that there were no special circumstances that warranted relaxing the diligence requirements for relief under section 2-1401.

¶ 11    On September 26, 2024, the trial court conducted a hearing on plaintiffs' petition. The hearing consisted solely of the argument of counsel. At the close of the hearing, the trial court raised concerns about plaintiffs' diligence in having the dismissal vacated. After noting that plaintiffs had made a persuasive case that their lawyer may have committed legal malpractice, the trial court stated:

"In December [Turasky] knows his case has been DWP'd, he knows he has blown the 30-day deadline, he knows that he doesn't have the right to re-file and he doesn't view that as an urgent situation when he's out the $29 million? I don't understand that.

* * *

He was in a timeframe where he should be rushing already. He just wasn't rushing in response to it. An objectively reasonable response to 'My lawyer has abandoned the case, allowed the case to be dismissed and I'm out $29 million' would be to hire a lawyer as fast as one possibly could, which is not April."

Nonetheless, despite these concerns, the trial court granted the petition, stating:

"I think I made it clear the Court is concerned about the exercise of due diligence both before and after the DWP, but the element of fairness prefers the resolution of these cases on the merits, and a great deal of money is alleged to be at stake. The Court—it's a close call, but the Court finds sufficient special circumstances exist to relax the due diligence requirements. I think the case should be resolved on the merits. I'm going to grant the 1401 petition."

¶ 12    On October 2, 2024, the trial court entered a written order consistent with its oral findings. Defendants thereafter filed a timely notice of appeal.

¶ 13                                        II. ANALYSIS

¶ 14    On appeal, defendants argue that the trial court erred in granting plaintiffs' petition because plaintiffs were not diligent in maintaining their action or seeking to have the case reinstated once it was vacated. Further, defendants insist that there were no extraordinary circumstances in this case that warranted relaxing the due diligence requirements.

¶ 15     At the outset, we first discuss the appropriate standard of review. A section 2-1401 petition can present "either a factual or legal challenge to a final judgment or order." *Warren County Soil & Water Conservation Dist. v. Walters*, 2015 IL 117783, ¶ 31. If a petition raises a purely legal issue that does not involve a factual dispute, then equitable circumstances are inapplicable, and there is no need for the petitioner to establish a meritorious defense or satisfy the due diligence requirements. *Id.* ¶¶ 47, 48. Under these circumstances, the reviewing court should apply a *de novo* standard of review. *Id.* (adhering to *People v. Vincent*, 226 Ill. 2d 1, 15 (2007)). However, if a section 2-1401 petition raises a fact-dependant challenge to a final judgment which requires a consideration of the equities underlying the case, then the trial court's ruling should be reviewed for an abuse of discretion. *Warren County Soil*, 2015 IL 117783, ¶ 50.

¶ 16     When an abuse of discretion standard is applicable, the actions of the trial court will not be disturbed on appeal unless they are "clearly against logic." *Miranda v. The Walsh Group, Ltd.*, 2013 IL App (1st) 122674, ¶ 16. "In such an instance, the question is not whether the reviewing court agrees with the action taken by the trial court, but whether the trial court 'acted arbitrarily, without employing conscientious judgment, or whether, in view of all the circumstances, the court exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted.' " *Pierce v. Cherukuri*, 2022 IL App (1st) 210339, ¶ 19 (quoting *State Farm Fire & Casualty Co. v. Leverton*, 314 Ill. App. 3d 1080, 1083 (2000)).

¶ 17     Defendants insist that because there is no factual dispute in this case, we should apply a *de novo* standard. However, "it has long been recognized that decisions rooted on equitable grounds should only be disturbed when there is a clear abuse of discretion in the judgment rendered by the lower court." *Perry v. Estate of Carpenter*, 396 Ill. App. 3d 77, 81 (2009) (citing *Levy v. Broadway-

*Carmen Building Corp.*, 366 Ill. 279, 289 (1937)). As the trial court based its decision on equitable grounds, we will not disturb the trial court's decision absent an abuse of discretion.

¶ 18 Turning to the merits, section 2-1401 provides a mechanism for a party to vacate a final order or judgment after 30 days from its entry. 735 ILCS 5/2-1401(a) (West 2022). To obtain relief, a party must petition within two years of the final order or judgment and provide "an affidavit or other appropriate showing as to matters not of record." *Id.* § 2-1401(a)-(c). "The purpose of section 2-1401 is to give litigants a chance after judgment is entered to present facts to the court that, if known at the time the judgment was entered, would have prevented the entry of judgment." *Giles v. Parks*, 2018 IL App (1st) 163152, ¶ 19. It does not relieve a litigant of the consequences of his own mistakes or the negligence of his counsel. *Taxman v. Health & Hospital Governing Comm'n of Cook County*, 83 Ill. App. 3d 499, 501 (1980).

¶ 19 To prevail under section 2-1401, "a petitioner must show by a preponderance of the evidence: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim; and (3) due diligence in filing the section 2-1401 petition." *Juszczyk v. Flores*, 334 Ill. App. 3d 122, 126-27 (2002) (citing *Smith v. Airoom*, Inc., 114 Ill. 2d 209, 220-21 (1986)). The due diligence requirement may be relaxed, though, if justice requires. As our supreme court in *Airoom* explained:

"One of the guiding principles, however, in the administration of section 2-1401 relief is that the petition invokes the equitable powers of the circuit court, which should prevent enforcement of a default judgment when it would be unfair, unjust, or unconscionable. The power to set aside a default and permit a [party] to have his day in court is based upon substantial principles of right and wrong and is to be exercised for the prevention of injury and [for the] furtherance of justice. Because a section 2-1401 petition

is addressed to equitable powers, courts have not considered themselves strictly bound by precedent, and where justice and good conscience may require it a default judgment may be vacated even though the requirement of due diligence has not been satisfied." *Airoom*, 114 Ill. 2d at 225 (citations omitted).

¶ 20    Nonetheless, the relaxation of the due diligence requirement entitling a party to a have a judgment vacated is justified only under "extraordinary circumstances." *Illinois Neurospine Institute, P.C. v. Carson*, 2017 IL App (1st) 163386, ¶ 30. Such extraordinary circumstances are where it is necessary to prevent an unjust entry of a judgment or where there has been unconscionable conduct by the opposing party. *Id.* As our supreme court in *Airoom* further expounded:

"While a liberal construction must be given to the petition to prevent an unjust result [citation], 'the ambit of section [2-1401] relief must not be overbroadened to such an extent that principles of equity and an ordered concept of justice are diluted' [citation]." *Airoom*, 114 Ill. 2d at 227 (quoting *Lammert v. Lammert Industries, Inc.*, 46 Ill. App. 3d 667, 676-77 (1977)).

¶ 21    Here, the trial court essentially found that plaintiffs had not been diligent in maintaining their action. However, the trial court further found that the special circumstances of the case warranted that the due diligence requirements of section 2-1401 be relaxed. The trial court noted that there was a significant amount of money involved in the case, that being $29 million. We additionally observe that one defendant had pled guilty in a criminal case for similar conduct which had been alleged in the instant civil case. At the time the case had been dismissed, the trial court had set the matter for a settlement conference. Plaintiffs' attorney had missed only two hearings before the case had been dismissed for want of prosecution. The trial court found that plaintiffs'

attorney had possibly committed malpractice in failing to notify plaintiffs that their case had been dismissed. We further note that plaintiffs' attempt to refile their action was well within the time allowed by statute. Based on all of these circumstances, we cannot say that the trial court abused it discretion in granting plaintiffs' section 2-1401 petition to reinstate their action.

¶ 22     Relying on *Illinois Neurospine* and *McGinleyPartners, LLC v. Royalty Properties, LLC*, 2018 IL App (1st) 172976, defendants insist that there are no extraordinary circumstances in this case that excuse plaintiffs' obligation to demonstrate due diligence in seeking to vacate the DWP. Both those cases are distinguishable as the parties there failed to present adequate reasons why their lack of diligence should be overlooked. See *Neurospine*, 2017 IL App (1st) 163386, ¶ 31 (only reason that the defendant gave why the due diligence requirement should be relaxed was because he had a meritorious defense); *McGinley*, 2018 IL App (1st) 172976, ¶ 33 (the defendants' reasons to excuse their lack of diligence in defending against the plaintiff's action were not supported by the record). Considering together all of the circumstances set forth above, the trial court did not abuse its discretion in not requiring plaintiffs to demonstrate more diligence before granting their section 2-1401 petition.

¶ 23                                III. CONCLUSION

¶ 24     For the foregoing reasons, we affirm the judgment of the circuit court of Kane County.

¶ 25     Affirmed.